UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------X

KERRY R. CONSTANTINO,

                    *Plaintiff*,

    -against-


NEW YORK CITY POLICE DEPARTMENT;
SERGEANT BARBAH,

                  *Defendants*.

--------------------------------------X

KERRY R. CONSTANTINO,

                    *Plaintiff*,

    -against-


NEW YORK CITY POLICE DEPARTMENT,
SERGEANT BARBAH, SERGEANT JOHN DOE,

                  *Defendants*.

--------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-2335(KAM)

22-CV-3175(KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

        Plaintiff, Kerry R. Constantino, proceeding *pro se*, commenced these actions on May 2, 2022 (No. 22-cv-2335) and on May 25, 2022 (No. 22-cv-3175), alleging a violation of the Fourteenth Amendment's Due Process Clause based on an encounter with police during an August 26, 2021 incident outside Plaintiff's home. (*See* No. 22-cv-03175, ECF No. 1 at 5-6; *See* No. 22-cv-2335, ECF No. 1

at 4-5.[1])   In the first action (No. 22-cv-2335), Plaintiff named the New York Police Department ("NYPD") and a Sergeant Barbah as Defendants.  In the second action (No. 22-cv-3175), Plaintiff again named the NYPD and Sergeant Barbah as Defendants, and added a Sergeant John Doe as an additional Defendant.  Plaintiff moved to proceed *in forma pauperis* in both actions, and also made a motion to appoint counsel in No. 22-cv-2335.

For the reasons set forth below, the Court grants Plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).   Further, the two actions are hereby consolidated, and Plaintiff's Complaints are dismissed for failure to state a claim upon which relief may granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is, however, granted leave to file an amended complaint in the to-be-consolidated case bearing the lower-case number, No. 22-cv-2335, within thirty days of the date that this Memorandum and Order is entered on the docket.

## BACKGROUND

Plaintiff's claim arises out of an alleged incident on August 26, 2021, when New York City Police Department ("NYPD") officers allegedly took Plaintiff's "bike" (or "scooter") off her property, specifically from her driveway.  (No. 22-cv-2335, ECF No. 1 at 4-5; No. 22-cv-3175, ECF No. 1 at 5-6.)  Plaintiff

---

[1] All pagination pin citations refer to the page number assigned by the Court's CM/ECF system.

asserts that "the police said the Mayor said the bikes are illegal and were taking it off my property." (No. 22-cv-2335, ECF No. 1 at 4).  Plaintiff also alleges that the police "made me unchain my bike and took it from my yard."  (*Id*. at 5.) Plaintiff seeks monetary damages of $75,000.  (*Id*. at 6; No. 22-cv-3175, ECF No. 1 at 6.)

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  The submissions of a *pro se* plaintiff are "held to less stringent standards" than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), and "construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (citation and internal quotation marks omitted).  "This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Even so, to survive a motion to dismiss, a complaint

must plead enough facts, "accepted as true, to state a claim to relief that is plausible on its face." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (citation and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Detailed factual allegations are not required, but a pleading that tenders "naked assertion[s] devoid of further factual enhancement" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citations and internal quotation marks omitted).

## DISCUSSION

### I.   Consolidation

A court may consolidate multiple cases pursuant to Federal Rule of Civil Procedure 42(a) where they "involve a common question of law or fact."  The trial court has "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *see also Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 143 (S.D.N.Y. 2012), and may do so *sua sponte*.  *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

4

Here, the two Complaints are remarkably similar except that the second action names an additional defendant, Sergeant John Doe.  Both Complaints involve the same, single incident from August 26, 2021, whereby Defendants allegedly took Plaintiff's bike (or "scooter") off of her property at 69 Broad Street.  (No. 22-cv-2335, ECF No. 1 at 4-5; No. 22-cv-3175, ECF No. 1 at 5-6.)  The two actions therefore clearly involve common — effectively, identical — questions of law and fact and considerations of judicial economy thus favor consolidation. *See Devlin*, 175 F.3d at 130 (noting that Rule 42(a) should be prudently employed as a "valuable and important tool of judicial administration" and should be invoked to "expedite trial and eliminate unnecessary repetition and confusion") (internal quotations and citations omitted).  Based upon the foregoing, the Court consolidates these actions pursuant to Fed. R. Civ. P. 42(a).  As the case first-in-time, Docket No. 22-cv-2335 shall be referred to and treated as the "lead" case, and all subsequent orders of this Court and papers that are submitted by the parties shall be filed in that action.

## II.  Defendant NYPD

As an initial matter, the NYPD cannot be joined as a party to this suit because it is an agency of the City of New York. N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City.") (citation omitted).  Accordingly, the Court dismisses Plaintiff's claims against the NYPD.

### III. Section 1983 Claim

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

A colorable § 1983 claim requires two elements: (1) the conduct challenged "must have been committed by a person acting under color of state law," *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted); and (2) the conduct complained of "must have deprived a person of rights,

6

privileges, or immunities secured by the Constitution or laws of the United States." *Id.* (citation omitted).  Here, Plaintiff fails to state a viable § 1983 claim against remaining Defendants Sergeant Barbah and Sergeant John Doe.  Although Plaintiff's factual allegations likely establish that both defendants were acting under color of state law, *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) ("We have no doubt that when an officer identifies himself as a police officer . . . he acts under color of law."), Plaintiff fails to establish that their actions deprived her of a constitutional right for the following reasons.

The Court liberally construes Plaintiff's allegations as claiming a deprivation of property without procedural due process, in violation of the Fourteenth Amendment.  "In alleging a violation of his procedural due process rights, a plaintiff must plead facts sufficient to give rise to a claim that he was deprived of his property without 'constitutionally adequate pre- or post-deprivation process.' "  *Ahlers v. Rabinowitz*, 684 F.3d 53, 62 (2d Cir. 2012) (internal quotations and citation omitted).

Deprivation of property by a state actor, whether done intentionally or negligently, will not support a due process claim redressable under § 1983 if "adequate state post-deprivation remedies are available."  *Davis v. New York*, 311

Fed. Appx. 397, 400 (2d Cir. 2009) (summary order) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (dismissing deprivation of property claim under § 1983 because other postdeprivation state remedies were available)).  This is because when deprivation of property is "occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur and thus it would be impossible to provide a hearing before the state employee acted." *Fredericks v. City of New York*, 2014 WL 3875181, at *7 (S.D.N.Y. July 23, 2014) (citing *Hudson*, 468 U.S. at 532) (internal quotations and citation omitted).  New York, the state whose procedures would be applicable to Plaintiff's case, "affords an adequate post-deprivation remedy in the form of, *inter alia,* a Court of Claims action." *See Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001); *see also Davis*, 311 Fed. Appx. at 400.  If, however, the deprivation of property resulted from an established state procedure, "a due process claim may proceed, regardless of whether there is a postdeprivation remedy." *See Fredericks*, 2014 WL 3875181, at *7 (citing *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996)).

   Here, Plaintiff has not plausibly alleged that any deprivation of her property was authorized or the result of an established State procedure.  Other than a single vague,

8

conclusory statement that the officers allegedly informed her that the Mayor had said that the bike or scooter was illegal, Plaintiff makes no further allegations that her bike or scooter was taken pursuant to some established policy.

In sum, to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff must either plead facts sufficiently alleging either (1) that the deprivation of her property was the result of an established State procedure or (2) that New York's existing post-deprivation remedies, such as a Court of Claims action, *see Jackson*, 256 F.3d at 96, were inadequate. *See, e.g., Santagata v. Diaz*, 2019 WL 2164082, at *3 (E.D.N.Y. May 17, 2019) ("Federal courts have found that New York state courts provide adequate post-deprivation remedies for random and unauthorized property losses through causes of action for negligence, replevin, and conversion.") (collecting cases); *see also Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) ("Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate."). Accordingly, Plaintiff's deprivation of property claim is dismissed per § 1915(e)(2)(B)(ii), with leave to amend.

## IV.   Leave to Amend

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Plaintiff may file an amended complaint within 30 days of the date of this Order to allege her deprivation of property claim.

Should Plaintiff file an amended complaint, she must satisfy the minimal pleading requirements of Fed. R. Civ. P. 8, providing the defendant(s) with notice of the claim(s) by clearly identifying each claim.  Plaintiff must provide a short, plain statement of the relevant facts supporting each claim, and cannot rely on generalized or conclusory allegations of misconduct, such as those the Court identified above and those in No. 22-cv-3175, ECF No. 1 at 8.

If Plaintiff elects to file an amended complaint, she should label it clearly as an "Amended Complaint" and set forth specifically what injury each defendant did to cause her to suffer, when and how it occurred, and who was responsible for it.  Again, conclusory allegations will not suffice to state a claim.  *See Iqbal*, 556 U.S. at 678.  Finally, Plaintiff must name those individuals who were allegedly involved in the deprivation of her federal rights as the defendants in the

10

caption and in the "Statement of Claim."  If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the Amended Complaint, and should provide detailed physical descriptions to assist with identifying them.  For each defendant named, Plaintiff should include a brief description of what each defendant did or failed to do, the date, including the year, that the incident occurred, where the defendant is employed, and how the defendant's acts or omissions caused Plaintiff injury.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that pursuant to Fed. R. Civ. P. 42(a)(2), actions 22-cv-2335 and 22-cv-3175 are hereby consolidated.  Case No. 22-cv-2335 shall be referred to and treated as the "lead" case, and all subsequent orders of this Court and papers that are submitted by the parties shall be filed in that case.

In addition, Plaintiff's Complaints are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted thirty days from the date of this Memorandum and Order to file an amended complaint, which must be captioned "Amended Complaint" and must list docket number 22-CV-2335 as the case number.  Plaintiff is advised that an amended complaint replaces her original complaint.  If Plaintiff fails

to file an amended complaint within the 30-day period or fails to cure the deficiencies identified in this Memorandum and Order, judgment shall enter dismissing this action with prejudice.

Finally, Plaintiff's motion to appoint counsel (No. 22-cv-2335, ECF No. 3) is denied. There is no right to counsel in a civil case. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). The Court cannot compel an attorney to represent a litigant in a civil case without a fee. *Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order on *pro se* Plaintiff and note service on the docket.

**SO ORDERED.**

DATED:     February 21, 2023
           Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge

12